IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00462-RBJ-CBS

EIGHTH DISTRICT ELECTRICAL PENSION FUND, and
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL PENSION FUND,

Plaintiffs,

v.

STANDARD ELECTRIC COMPANY, a Colorado corporation, and
WINDY POINT ELECTRIC COMPANY,

Defendants.

**ORDER GRANTING PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT
AGAINST STANDARD ELECTRIC COMPANY**

THIS MATTER having come before the Court on the motion of the Plaintiffs, the Eighth District Electrical Pension Fund (the "Fund") and Trustees of Eighth District Electrical Pension Fund (the "Trustees"), for entry of default judgment in favor of Plaintiffs and against Defendant Standard Electric Company ("Standard"), and the Court being fully apprised of the pleadings in this case, hereby finds and orders as follows:

1. The Court has jurisdiction of this action under § 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e).

2. The Fund is an employee benefit plan established pursuant to ERISA, which is governed by a board of the Trustees, consisting of an equal number of management representatives and union representatives.

3. On February 22, 2012, Plaintiffs filed the Complaint in this action [doc. #1] under Section 502 of ERISA, 29 U.S.C. § 1132, alleging *inter alia* that Standard breached a settlement agreement with the Fund, in which Standard had agreed to make periodic payments to the Fund in settlement of a judgment issued against Standard in a previous action brought in this court, *Eighth District Electrical Pension Fund et al. v. Littleton Electric, Inc. and Standard Electric Co.,* Civil Action No. 08-cv-00431-RPM (the "Littleton Electric Case").

4. The Complaint alleges that, by defaulting on the settlement agreement, and in accordance with the terms of that agreement, Standard owes the full amount of the judgment in the Littleton Electric Case, which was $149,362.58 in delinquent employer contributions and interest, along with attorney fees and costs assessed against Standard in that case, less amounts paid to date.

5. On March 9, 2012, the Summons and Complaint were served upon Mark Kulow, as Standard's registered agent for service of process, by handing him a copy at the office of Windy Point Electric, 9064 U.S. Highway 285, Morrison, Colorado 80465 [doc. #7].

6. Standard has not answered or responded to the Complaint. As a result, on May 29, 2012, Plaintiffs moved for entry of default against Standard [doc. #15], which the clerk entered on June 4, 2012 [doc. #18].

7. The Court has personal jurisdiction over Standard because it resides in and does business in Colorado, the breach of contractual and legal obligations occurred in Colorado, and the Funds are administered in Colorado, all of which confer jurisdiction under ERISA, 29 U.S.C. § 1132(e). (Complaint, ¶¶, 2, 3, 8, 18, 19, 24-26.)

8. As alleged in paragraphs 44 and 45 of the Complaint and verified by the affidavit of Sandra G. Brown, Delinquency Coordinator for the Funds, and the statement of account attached thereto, Standard owes a total of $180,227.48, consisting of $129,687.28 from the judgment in the Littleton Electric Case, along with attorney fees of $49,579 and costs of $961.20 assessed in that case (Affidavit of Sandra G. Brown, herein "Brown Affidavit," ¶¶ 5-7). This is a net amount accounting for Standard's payments until it defaulted on the settlement agreement.

9. In addition to the amount specified above, ERISA provides that as another component of damages for Standard's violation of its obligations under ERISA to make contributions for employee benefits, Standard owes the greater of either interest or liquidated damages. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action under 29 U.S.C. § 1145 on behalf of a plan to enforce an employer's obligation to make contributions, the court shall award the following damages to the plan (emphasis added):

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an **amount equal to the greater of** ---
>
>> (i) **interest on the unpaid contributions**, or
>>
>> (ii) **liquidated damages** provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), [and]
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant[.]

10. As shown by the Brown Affidavit, the amount of interest to November 30, 2012, is $27,208.75, which is greater than 20 percent of contributions owed. Therefore, Standard shall be ordered to pay $27,208.75 pursuant to the statutory remedy in 29 U.S.C. § 1132(g)(2)(C), in addition to being ordered to pay the delinquent contributions, interest, attorney fees, and costs assessed in the Littleton Electric Case, because of its breach of the settlement agreement executed after, and as a result of, the judgment in that case.

Based on the findings above, the Court hereby enters default judgment under Fed.R.Civ.P. 55(b)(2) against Defendant, Standard Electric Company, and enters an order providing for the following relief:

A. A total judgment of **$207,436.23** in favor of Plaintiffs and against Standard, consisting of the following components:

1) The amount of the judgment, attorney fees, and costs in the Littleton Electric case less payments made to date, a total of $180,227.48; and

(2) In accordance with 29 U.S.C. § 1132(g)(2)(C), an additional amount of $27,208.75, which constitutes the greater of interest or liquidated damages on the unpaid contributions.

B. Reasonable attorney fees and costs incurred in the portion of this action litigated against Standard, as provided in 29 U.S.C. § 1132(g)(2)(D), and post-judgment interest at the rate provided by law, to be proven in a Bill of Costs and Motion for Attorneys Fees and Costs to be filed by the Plaintiffs within 15 days from the date hereof.

DATED this 8th day of April, 2013.

                BY THE COURT

                _____
                R. Brooke Jackson, District Court Judge