IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-00462-RBJ

EIGHTH DISTRICT ELECTRICAL PENSION FUND, and
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL PENSION FUND,

    Plaintiffs,

v.

STANDARD ELECTRIC COMPANY, a Colorado corporation,
WINDY POINT ELECTRIC COMPANY, and
MARK KULOW, individually and d/b/a Windy Point Electric,

    Defendants.

---

ORDER

---

    This matter arises from defendant Mark Kulow's motion to vacate final judgment pursuant to Fed. R. Civ. P. 60(b) [ECF No. 47]. For the following reasons, the motion is denied.

    Mr. Kulow's motion rests on one sole contention: the plaintiffs filed a proof of claim in Mr. Kulow's 2008 Chapter 7 bankruptcy action, which they fraudulently hid from this Court. According to Mr. Kulow, this proof of claim bars the Court, both equitably and jurisdictionally, from entering judgment in favor of the plaintiffs.

    Ironically, defense counsel once asserted, as an affirmative defense to the plaintiffs' claims, that the plaintiffs had *not* filed a proof of claim in Mr. Kulow's 2008 bankruptcy action. *See* Answer [ECF No. 10] at 2. Mr. Kulow further contended that no liability of the plaintiffs' claims could attach to him personally because it would have been discharged in bankruptcy. *Id.*

    In its August 1, 2013 Order the Court wrote:

> Mr. Kulow may have had personal liability for Littleton Electric's obligations to the funds. It has been suggested that he personally guaranteed those obligations, although there is nothing in the record indicating that he ever admitted to or was determined to have such personal liability. However, *I will assume to his benefit that he had personal liability as guarantor, and either that this liability was discharged or that the case could be reopened and the liability then discharged.*

[ECF No. 38 at 9–10] (emphasis added). In spite of this assumption, I explained that

> [t]he problem is that *this pre-petition obligation is not the basis of plaintiffs' claim here*. The obligations of Littleton Electric and Standard Electric to the funds were not discharged in bankruptcy. Mr. Kulow's liability for those obligations is alleged to have arisen by his creation and operation, *subsequent to his bankruptcy petition and discharge*, of a successor entity that is in substance the alter ego of Standard Electric and Littleton Electric. *That is post-petition conduct, and his prior discharge in bankruptcy has no application to it. See In re Goodman*, 873 F.2d 598, 602 (2d Cir. 1989) (the discharge of an individual's pre-petition liability for the debts of alter ego of companies did not prospectively shield him from post-petition conduct that makes him an alter ego of those companies).

*Id.* at 10 (emphasis added).

Given this clear statement of the Court's reasoning, I am bewildered by Mr. Kulow's decision to bring a motion to vacate judgment on the grounds that his debt to the plaintiffs was discharged in his 2008 bankruptcy. One wonders how counsel justifies bringing a Rule 60(b) claim on a basis which this Court explicitly deemed irrelevant to the outcome of the case. It is even more troubling that the motion accuses plaintiffs' counsel of committing fraud on the court when it was defense counsel who made the initial mistake, an oversight of which plaintiffs' counsel informed the Court immediately upon discovery. *See* August 11, 2014 Letter [ECF No. 47 at 78–79].

Insofar as Mr. Kulow contends that the Court incorrectly analyzed *In re Goodman*, 873 F.2d 598 (2d Cir. 1989), he was free to file a Rule 59(e) motion seeking reconsideration of the Court's order or an appeal to the Tenth Circuit of the final judgment. He chose not to, and the

time in which to pursue either form of relief has elapsed. To the extent Mr. Kulow seeks a *de novo* review of the merits of his claim, the request is denied.

For the foregoing reasons, it is ORDERED that the motion to vacate judgment [ECF No. 47] is DENIED.

DATED this 12th day of January, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge